IN THE DISTRICT OF COLUMBIA DISTRICT COURT

EDGAR SEARCY, Class member # 04726031
 Plaintiff FCC
 PO B 90043
V                Petersburg VA 23804   Case No.

UNITED STATES OF AMERICA;
SECRETARY, U.S. DEPARTMENT OF THE TREASURY;
UNITED STATES ATTORNEY GENERAL;
DIRECTOR FEDERAL BUREAU OF PRISONS;
FEDERAL BUREAU OF PRISONS
 Defendants

Case: 1:08-cv-00860
Assigned To : Robertson, James
Assign. Date : 5/19/2008
Description: TRO/PI

**FILED**
MAY 19 2008
Clerk, U.S. District and
Bankruptcy Courts

JURY ACTION

COMPLAINT

CLAIM AGAINST THE UNITED STATES

Comes now the plaintiff Edgar Searcy, a class member of the established class, pro se, and pursuant to the U.S. Constitution, First Amendments Right to Redress; 28 USC 1331, 1346, (1491(a)(1)), Ancilliary Jurisdiction [1]/ 2201, & 2202; 5 USC 553 & 702; and Bivens V 6 Unknown Federal Narcotics Agents, __ US __, submits this claim against the United States. And states:

JURISDICTION/VENUE

The above cited Jurisdictions are appropriate to enforce claims created by a fudiciary that handles funds, property, and business concerns of a Trust Fund. (See U.S. V Mitchell, 463 US 206, 77 L.Ed2d 580; Short V U.S. 719 F2d 1133. "The House Judiciary Committee reported that the bill was a "comprehensive measure by which claims against the U.S. may be heard and determined. The measure was designed to give the people of the U.S. . . . the right to go into the courts to seek redress against the Government for their grievances." Mitchell, Id at 463 US 213-214.

A fudiciary and specific obligation of the United States and Department of the Treasury is established in 31 USC 1321.

---

[1]/ Anciliary Jurisdiction is created when there is a tight nexus between subject matter properly before the court. See Freeman V Howe, 65 US 450, 16 L.Ed 749 (1861); 13 C. Wright & Miller, Federal Practice & Procedure ¶ 3523; accord Eagerton Valuaiton Inc. 698 F2d 1115 (11th Cir. 1983)

RECEIVED
APR 24 2008
Clerk, U.S. District and
Bankruptcy Courts

1/

## ORIGONS OF THE CASE

The matters of this cause originated in a class action that took place in the Eastern District of Kentucky. (See Case No. 93-217-HRW, titled Washington V Reno). This plaintiff filed in the Eastern District of Kentucky, (See Case No. 07-CV-303-KSF). where the court responded by instructing that these matters are appropriate under 28 USC 1321 and Bivens; and Venue lies in the D.C. District court. (See Kentucky case docket) The original Kentucky case was closed and the court adjudged that the case could of been transfered, but opted to close without prejudice (to file in this district). The defendants current actions occure in the D.C. district.

## CLASS ACTION STATUS

A nationwide class was certified in the Eastern District of Kentucky in connection with this matter. (See sylabus of case located at 35 F3d 1093, 1095-98, Titled Washington V Reno). The issues and circumstances remain the same. A motion to re certify the class accompanies this petition.

## PARTIES HAVING AN INTEREST

In accordance with Title 31, USC, the Secretary of the Department of Treasury is designated as the custodian and guardian of the statutorilly created Trust Fund in 31 USC 1321. All funds are to be placed in a depository in the Department of the Treasury. These issues have been litigated in the past where the unqualified parties shown as additional defendants above, are in control, have use of, and dictate policy for these assets and property.

In accordance with statutory definition, all inmates in the Federal Bureau of Prisons system are owners of the Trust Fund. All funds connected to the Trust and property purchased belong to the Trust. All members of the Trust constitute a class. In the Eastern District of Kentucky Case (See above), Interveining plaintiffs known as Family and Friends of the class filed a motion and joined the case, expressing

their concerns. (See 35 F3d 1093). Their interests are connected to this case and should be recognized as previously established 3rd parties. The custodial representatives of the inmate trust fund are established as the deparmtent of the Treasury, and other defendants are not statutorilly defined. However they were parties involved in previous litigaiton. Issues involved below include property and assets acountable by the Department of the Treasury.

## SOVEREIGN IMMUNITIES WAIVED

Immunities are statutorilly waived. (See Mitchel, Id at 463 US 218).

## BACKGROUND

A Trust Fund is established by Statutory creation, and the Secretary of the Department of the Treasury is assigned as Trustee, Custodian, and Guardian of said funds. See 31 USC 1321. The Comptroller General is the authorized official holding the responsibility of coordinating investigaiton of mis appropriations, setting Policy, and/or control for all Trust Fund interests. Advisory Memorandums have been written specificly aimed at the defendants of this case by the Comptroler General.

Prisoner Trust Fund purchases and owns property and possesisons that the Trust Fund has exclusive ownership of, including but not limited to products purchased for resale to the members; equipment used for the sale of said merchandise; telephone systems; hobbycraft, sports, and entertainment equipment; and household appliances. Employees of the Trust are also paid out of the Fund.

A prior District court case relating to the Trust Fund, it's property and possessions, and handling of funds within the Trust, is discussed and litigated in the Sixth Circuit case Known as Washington V dReno, 35 F3d 1093, and the Eastern District of Kentucky case, Supra, describing the subject matter, parties, class designation, civil rights, and points of law refered to and relied on in this case. That case was ultimately closed in connection with the known facts involved. Highlights of the prior litigation are:

1. In the Washington Case the interveining Plaintiff's complained that the Bureau of Prisons (hereinafter "B.O.P.") did not have authority to take their money they deposited in the Trust Fund for the purpose of expresion and association rights. The B.O.P. reacted by telling the courts that a regulation, (59 Fed. Reg. 15825, 28 CFR 545.11(b)) was "create[d] [to provide] a limited exemption for such funds." see 35 F3d @ 1098). As soon as the settlement was reached in the class action, and all concerned expected outside funds to be protected, the B.O.P. removed the intended exemption form the regulation and callusly re instituted their practice of taking any funds deposited from the outside. Both postage and phone use is then denied even though outside persons deposited the funds in good faith, expecting the promised exemption.

2. Furthure, after the B.O.P. had acknowledged the right of the interveining plaintiffs, the B.O.P. penalizes prisoners and outside persons alike when the outside persons use their funds and control their equity in their discretion by talking with class members on their own phone system and with funds located in the Trust Fund, by tralking with more then one class member. The punative conditions include the severance of phone use by all concerned.

3. In the Washington case the B.O.P. agreed to expand the amount of numbers on an inmates phone list. Then, after agreeing to this, the B.O.P. informally limits the length of calls to each person on the list to 10 minutes per month for each of the 30 outside persons on the list. Nothing is formally written to give the public notice of this type limitation. (Regulations allow 3 minutes if there is funds available, but is ignored and denied by prison officials).

4. In the Washington case a payment plan was agreed to for payment of obligations. This payment plan is disproportionate and give improper favoritism. Some inmates must pay a large percentage of their Trust Fund, while others pay a small

percentage, which is not an impartial approach, violating the Standards of Ethical Conduct. Furthure, the B.O.P. assists some inmates to pay their fines by providing large sums as performance pay, while others recieve small sums. This is not impartial, and violates Ethics by using their position for monitary gain of another thru favoritism.

5. In the Wahsington case a standard for long distance costs was set. The B.O.P. violates this by requiring some inmates and outside persons to pay more then others. This is not impartial.

6. In the Washington case a series of survey,s price setting, and handling of profits were brought up and agreed upon. the parties and the courts agreed that the Trust markls up and charges too much of the products purchased by the trust. Furthure, the members sof the trust are not given control of the pricing, expenditures, and items purchased, funds are removed without the members express permission for these circumstances, and pricing is not uniform for all members at various locations.

7. ON or about March 1, 2007 a free citizen on the outside deposited funds with the intent to pay for phone minutes. The phone system is the property of the trust and minutes are purchased from a commercial carrier, without control of the members. This depositor expected the right to associate by placing the money in the phone system. to accomodate the purchasers interests, the access code was provided to the purchaser, which was an act of valid speech by passing the code along. the purchaser exercised their right to use their purchased minutes, and gave the access code to the inmate of their choice, which is protected speech. Use of the inmates Trust Fund Telephone and minutes purchased by the outside person is a protected association, which is not of concern to the B.O.P., where the telephone system belongs to the members and is under the protection of the department of Treasury. The B.O.P. penalized the plaintiff, and 3rd parties for the 3rd parties

use of their purchased minutes. One of the penalties for all concerned was a forfeiture of their use of the telephone.

8. UPon receipt of the deposits shown in line 7, the guardian of the inmate Funds withdrew a portion without authority, (See 48 Op Comp Gen 249, issued by the Comptroler General) and used this portion to pay a debt of the plaintiffs in clear violation of the previous agreement between interveining plaintiffs and the B.O.P. The depositor depended on the promises made by the defendants. Subordinates of the defendants refuse to recognize the challenge of the withdrawal, and state that they have authority.

9. On or about November 1, 2007 a free citizen on the outside deposited funds in the Trust fund with the intent of purchasing postage and exercising the right to association. the custodian withheld 60 percent (30.00 out of 50.00) and refuses to provide the funds to the plaintiff or sender. The same situation applies as listed in line 8.

10. On or about December 15, 2007 a free citizen on the outside ordered writting materials form the Staples franchise, in full compliance with Regulations and policy statements, and had Staples send the materials to the plaintiff. The outside person called the B.O.P. at Petersburg FCC and informed the prison that he was sending writting materials to an inmate, and, confirmed the address for the U.S.P.S. delivery. Upon delivery by the U.S.P.S., the subordinates of the B.O.P. returned the written materials to Staples, claiming that the materials can be purchased at the Trust fund store at outragious costs. This act is a conspiracy to violate the monolopy laws, and to force the purchase of products at a highly inflated rate. The members have not been confered with to consider whether they want to remove these items from their store and purchase writting materialsd from outside vendors at reduced rates.

STATEMENT OF THE ISSUES

## STATEMENT OF THE ISSUES

I. The B.O.P. defendants deceived Federal Courts and Should be Required to honor the Terms Established in 59 Fed.Reg. 15825 by Exclud[ing] From It's Accessment $50.00 a Month Deposited Into the Inmates Trust Fund Account . . . Excluding to Allow the Imates the Opportunity to Better Maintain Communications.

II. The B.O.P. Defendants Should be Restrained From Penalizing Inmates and Third Parties From Outside Prison Based on the Third Parties Using Their Deposited Funds to Associate with Multiple Inmates, or From Applying any Sancitons Against any Class Members who Associated with Third Parties in This Manner.

III. the B.O.P. Defendants Should be Restrained from Interfering with the Third Parties Use of Their Funds They Have Deposited for Their Own Purposes.

IV. The B.O.P. Defendants Should be Restrained From Setting Limits of 10 Minutes Per MOnth for Those Third Parties who Share an Inmates Phone List with 29 Other Third Parties, and Allowing up to 4500 Minutes for 30 Third Parties, at a rate of 150 minutes each per month.

V. Require the B.O.P. Defendants to Set a Fair Ratio for Payments on Obligations to Include the same Percentage of Deductions From the Deposits.

VI. Require the B.O.P. Defendants to be Impartial in Their Manner of Assisting Inmates to Earn Funds to Pay Their Obligations, and Comply With the Standards of Ethical Conduct by the Prevention of Using Their Position for Unfair Personal Gain of Another.

VII. Require the Secreatary of the Treasury to Maintain Strict Control of the Trust fund to Guarentee that Members Have Complete Comtrol of Pricing, Purchasing, Expenditures, and All Property Under the Trust Funds Jurisdiction.

VIII. Require the Secretary of the Treasury to Maintain Strict Control of the Phone System to Guarentee That all Inmates Have Access to the Lowest Long Distance Phone Rates that Any Inmate Has Access to.

IX. Require the Secretary of the Tresury to Protect the Instruct Established by the Comptroler General in 48 Op com Gen 249, by Guarenteeing that Funds are not Removed from the Trust Without the Express Written Permission of Each Member Having Control of Each Acocunt.

X. The B.O.P. Defendants Refuse to Comply with the I.F.R.P.s Design by Counting all Obligations on the I.F.R.P. and Improperly Deducts Obligations in a Higher Amount then Allowed.

## STATEMENT OF THE CASE

I. The B.O.P. defendants acted in bad faith by deceiving the Kentucky and 6th Circuit courts by claiming that a Regulation had been created to protect deposits made by 3rd parties known as the Interveining Plaintiffs. (See 35 F.3d @ 1098). After the class action was closed, the B.O.P. defendants canceled the protective Regulation they had promised would protect the third parties deposits, and currently deduct portions of funds deposited by the 3rd parties, who believe that they are purchasing the means to associate by either phone or U.S. mail. This obstructs the third parties rights. (See 35 F.3d @ 1099).

the Secretary of the Treasury is the official in charge of the Trust Funds created by Statute, and should protect the Trust Fund from illegal withdrawals from the members seperate accounts, where third parties deposit funds in each members accounts with express intent that is negotiated between the third parties and the members. Where the contracted representatives of the Secretary has made a promis to the public and court, promising to avoid deductions of funds deposited by third parties, the Secretary should guarentee that this promise is maintained. When the representatives renege, they are guaity of perjury and deception through a lie. This act of bad faith should be addressed by the Secretary, their powers removed, and independant representatives assigned that can guarentee honest representation of the members interests, and the trusts needs. The Secretary should replace all missing funds that were manipulated from the accounts in violation of the third parties intent, and the members rights.

The amount of $50.00 should be adjusted to include any and all deposits made by third parties, to guarentee that the depositors interests are protected.

II. The plaintiff exprienced punitive damages after he expressed valid First Amendment rights by sharing the PIN number (Access Code) for the minutes that were

purchased, with the third party, hwo was the purchaser. The phone system is a private system belonging to the Trust Fund, which is administered by the Department of Treasury. PIN numbers of purchased minutes belong to the purchaser, and when a member of the Trust purchases minutes for the depositor, the member has the right to express 1st Amendment rights by providing the PIN number to the third party.

Upon receipt of the PIN number, the purchaser has the right to access the minutes on the phone to communicate with whomever they choose. However, the B.O.P. staff improperly penalize the plaintiff for his constitutionally protected action of sharing the PIN number through expresion, with the purchaser, and the third parties actions of using their purchased minutes with whomever they choose. this is retaliation for the plaintiffs vlaid exercise of his rights.

The B.O.P. defendants have a nabit of penalizing numerous class members of the trust in the same manner for the exact same situation. the class should be protected by the court with an injunciton of this form of retaliation.

The Secretary of the Treasury should restrict the mainpulation of the private phone services belonging to the Trust Fund, by denying access of said phone system to those who intimidate purchasers from the outside by blocking the right to associate with whomever the third parties wish through their purchased minutes, and intimidating other members ofthe class who attempt to associate with the third parties through third parties validly purchased minutes.

III. During the negotiations in the national class aciton suite, the parties negotiated the expansion of quantities of numbers on an inmates phone list. When negotiating this the parties did not discuss any limits on the amount of time each member ofthe Trust can associate with each member on his list. It was assumed that the phone system belonging to the members of the Trust did not have any limits. A member who has one person on his list is allowed to talk to this member for 300

minutes per month. If the federal government is acting in good faith of the publics trust provided under the Standards of Ethical Conduct, (5 CFR 2635), each member would be equally allowed to talk 300 minutes for each of his allowned persons on the phone list, whether there is one or thirty persons on the list. However, the B.O.P. defendants have placed controls in the phone system restricting those who have 30 persons on the list, to 300 minutes total, which equates to 10 minutes per month for each of the 30 persons on the list. this control is not listed in any Regulation, Policy (Program) Statement, or Documents submitted in the previous class action, nor has been discussed with the Department of the Treasury, or with the members of the Trust.

    The Secretary of the Treasury should require the phone system to be fairly provided to all members so that they can talk to each person on their list for the Same amount of time, whether there is one or thirty on the list, and that a reasonable amount of time, of at least 150 minutes is allowed for each person on their list per month.

    The B.O.P. defendants should also provide an explanation to the Secretary and all members of the Trust as to where their Notice to the Pulbic (See 5 USC 553) was given before they began this biased approach of being unfair to those third parties who share the phone with 29 people, yet those who are alone on a members list can talk for 300 minutes.

    IV. during the negotiations in the Naitonal Class Action suite, the parties negotiated a payment plan, (titled I.F.R.P.) where inmates pay their obligations througn a payment scheme. Tis scheme is biased, where it requires those who earn small amounts to pay a very large percentage of their income, and those who have large amounts of deposits to pay a very sdmall amount of their income. The same percentage should be calculated for all inmates, and those who earn a small amount

each month should be exempt. an example of this scheme being applied, is seen in the P.L.R.A. which requires a deduction of 20 percent and waves the deduction if the monthly deposits fall below $10.00. Similarely, the U.S. income tax scheme is based on percentages, but on a sliding scale to levy a higher percentage upon the extremely high income bracket. Because the current scheme is biased towards the low income, it violates the standards of Ethical conduct by showing favoritism to the high income bdracket who pays an ultra low percentage of their deposits.

V. Under the Standards of Ethical Conduct, 5 CFR 2635.402, it is a statutory prohibition for an Employee to use their position to benifit others under their authority. (Prohibited by criminal statute 18 USC 208(a)). Under this scheme, the B.O.P. defendnakts cannot act with favoritism to aide any inmatae in earning any more income then others to enable them to pay their obligations under the I.F.R.P. Each inmate who owes an obligation should have the same opportunity to be earning equal amounts of performance pay. However, the B.O.P. defendants act in extreme bad faith by setting pay at differing levels for the same jobs, in situations such as those who do not have a high school diploma, or G.E.D. The detendnats allow some individuals, such as those working in Unicore, or the Canteen, to earn .23 and .55 an hour, but, limit all other jobs to .12 an hour, no matter what the manner of job held, if a G.E.D. is not held.

VI. Some inmates receive the opportunity to use commercial long distance companies that offer low long distance rates. (See services available in halfway houses). The defendants will not allow all inmates to have access to these rates even though the inmates are the owners of the system. This activity is a violation of the Standards of Ethical Conduct by sdhowing favoritism to the inmates in the halfway houses. The Secretary of the Treasury should require that the members of the phone system owned by the Trust fund have equal access to the lowest phone rates that can be obtained by any means.

VI. The Trust fund is exclusively owned by the federal Prisons. All property, profits, and merchandise that is connected with the fund belong to the members. The Secretary of the Treasury should guarentee that the variety and content of products, the equipment purchased, the pricing for resale to the members, and the expendures of profits, be solely in the control of the owners. The unreasonable mark-up of profits should not be allowed where the sole customers are the members of the Trust. the merchandise sold should be solely at the members discretion. The expenditures of profits should be for items that the members agree on. The defendants are currently pricing items for sale at 30 percent, and this exceeds the price of the items sold outside the prisons. Items that can be bought through vendors in public, such as writting materials, should be canceled at the members discretion. communicaitons such as E-mail, which is low cost communicaitons should be allowed at the members discretion.

The Secretary of the Treasury should guarentee that the Trust Funds interests are protected and guarenteed.

VII. The Comptroler Geneeral wrote a directive and instructed the defendants to cvease the removal of funds from the members of the Trust Fund unless the members gave express written permission. (See 48 Op Comp Gen 249). the defendants have not been complying with this directive, and the Secretary has failed to enforce it. The Secretary should enforce this directive, and cease removing funds without permission.

IX. The B.O.P. defendants agreed to apply the I.F.R.P. in a manner that includes all obligations of the inmates. (See 28 CFR 545.11(a)). This agreement requires that $75.00 a month will be waived after an initial payment is paid every quarter. However the B.O.P. deducts more funds without regard to the I.F.R.P. and goes as far as to improperly take more funds then agreed to without applying the

funds to the I.F.R.P.

The B.O.P. defendants should be injuncted from taking any funds in excess of the agreed amount, and applying all funds taken to the I.F.R.P.

## CONCLUSION

"It is well settled that "some kind of hearing is required at some time before a person is finally deprived of his property interests. Anti-Fascist Committee V McGrath, 341 US 123, 168. The requirement for some kind of a hearing applies to the taking of private property. Grannis V Fordean, 234 US 385 . . . The touchstone of due process is proteciton of the individual agianst arbitrary action by the government. Dent V West Virginia 129 US 114, 123." Wolff V McDonnell, 418 US 529, 557-558, 41 L.Ed2d 935.

The property interests attached to the private property belonging to a trust fund, which is governed by Federal statutory law under Secretary of the Treasury, must be afforded Due Process. All Trust funds created by 31 USC 1321 are recognized with equal standing under the law and due process.

"An inmate is entitled to expect the Bureau of Prisons to follow it's own policies" See Wolff V McDonnell 418 US 539, 557." Anderson V Smith, 697 F.2d 239, 240 (8th Cir. 1983). "It is, well settled that validly issued administrative regulations have the force and effect of law. See E.G. Morton V Ruiz, 415 US 199, 235; 39 L.Ed2d 270; Vidtarelli V Seaton, 359 US 539-40; Service V Dulles, 354 US 363, 335. Though the regulation fully bound the Secretary . . ." Roadway V U.S. Dept of Argiculture, 514 F.2d 809, 814 (D.C.C. 1975).

Because this case involves property belonging to the Trust Fund, and property interests of Third parties who purchase phone minutes, the above problems are a violation of the precedences set above. All material purchased by the Trust Fund

must be dealth with under Due Process, and the Trust fund must be administered under the equal protections clause, without favoritism being given to any other Trust Funds.

The Secretary of the Treasury and the B.O.P. must comply with the Regulations for the Standards of Ethical Conduct, and must comply with the other Regulations which apply to the above matters.

Wherefore the plaintiff prays this honorable court shall:

1. Recognize the previous class that was already established in the Kentucky case for the matters discussed in this cause.

2. Acknowledge the existance of the third parties established in the Kentucky case as interveining plaintiff's, who consist of the Family and Friends of the class.

3. Acknowledge that the defendant known as the Secretary of the Treasury is the statutitorilly assigned guardian of all Trusts Funds listed in 31 USC 1321, and as such is legally accountable for all of the legal matters raised herein, and is also the unalisted party responsibly for the circumstances involved in the Eastern District of Kentucky case no. 93-217-HRW.

4. Adjudge that the defendants, excluding the Secretary of the Treasury, has reneged on their claims they presented to the 6th Circuit, wherein they set a regulation in writting that protected the third parties deposits made for the purpose of buying minutes on the ITS, only to have canceled the regulation shortly after the class aciton was settled and closed.

5. Adjudge that the defendants are restrained from making any deductions from the Trust Fund without the members express written consent, and that deductions will not be removed from any funds deposited by third parties who are purchasing phone, and mail access for the Trust fund members.

6. Adjudge that the defendants are restrained from penalizing any Trust fund member who shares the PIN number of any phone account that contains funds placed on

it by third parties on the outside, and those who the third parties share the PIN number with.

7. Adjudge that the defendants cannot enforce any penalty that was placed on Trust fund members after they had exercised their rights to expression by sharing the PIN number or used the PIN number, as mentioned above.

8. Adjudge that the defendants are restrained form limiting the amount of phone use below 150 minutes per month for each of the 30 persons on each members phone list, cannot reduce the total below 4500 minutes per month, and complies with regulations by allowing a 3 minute phone call if any inmate has funds on his account.

9. Adjudge that the defendnts are restrained from prohibiting the members of the Trust from spending their profits to purchase additional phones to the extent of accomodating the 4500 minutes for each member.

10. Order the defendants (Excluding the Secretary of the Treasury) to demonstrate where they created any official Written restrictions limiting the members to 300 minutes per month, and where this written restsriction was placed for public notice in compliance with 5 USC 553, and include a statement as to whether the restrictions were sanctioned at all.

11. Adjudge that the defendants are restrained from applying the current I.F.R.P. due to it's biased content, and order he defendants to create, thru 5 USC 553 procedures, a fair plan that sets a fairly applied percentage being deducted from each and every member who has debts to be paid.

12. Adjudge that the defendants are restrained from violating 5 CFR 2635 by setting a pay scale that is different for any and all members of the class, and order that the defendants will provide equal opportunity to earn an income at the same rate as all others.

13. Adjudge that the defendnts are restrained form prohibiting any inmates equal access to the lowest long distance carrariers that inmates in halfway houses have.

14. Adjudge that the defendnats are restrained from controling the affairs of the trust, including, but not limited to: Variety and content of products sold, with the exclusion of security concerns; equipment purchased, markup limited to cost of maintaining the canteen, under the terms set by the members; phone services, including E-mail access; choosing appliance needs and repairs; purchasing designed to be at a nationwide scale to maximize the lowest price, including purchasing unified into one purchasing unit for the entire United States Prison system; and restsricting items sold in the conteen when public vendors are lower priced.

15. Order the Secretary of the Treasury to guarentee that the contents of 48 Op Comp Gen 249 be complied with and supervised accordingly, including the expenditures of prifits, purchasing, and other expenditures from the Trust fund, allowing for elected committee oversight by members.

16. Order the defendants to apply the I.F.R.P. as it reads by placing any and all obligations by the individual class members onto their I.F.R.P. contract and limiting deductions to the percentages decided above and not taking any funds without the members express written consent that contains exact amounts each payment for the I.F.R.P.

17. Grant court costs and other accrued costs to the plaintiff and class.

18. Grant any such other relief which is just and fair as may arise during the ongoing class action and the subject matter raised above.

RESPECTFULLY SUBMITTED,

Edgar Searcy pro se
Reg. # 04726-031
F.C.C. Medium
Petersburg VA  23804

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

F
08-860
JR

## I (a) PLAINTIFFS
EDGAR SEARCY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

Pro SE (PR)

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
# 04726031

## DEFENDANTS
USA, ETAL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:08-cv-00860
Assigned To : Robertson, James
Assign. Date : 5/19/2008
Description: TRO/PI

**JURY ACTION**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
● 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ● D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ● F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Immigration**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien Detainee
☐ 465 Other Immigration Actions

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
● 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)

☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.

☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

— 0 —

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC 1983

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    **DEMAND $**    Check YES only if demanded in complaint  **JURY DEMAND:** ☑ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)   ☐ YES   ☐ NO    If yes, please complete related case form.

DATE 5/19/08    SIGNATURE OF ATTORNEY OF RECORD  *NCO*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.