FILED
MAY 19 2008
Clerk, U.S. District and
Bankruptcy Courts

IN THE DISTRICT OF COLUMBIA DISTRICT COURT

EDGAR SEARCY

v

UNITED STATES Et. al.,

Case: 1:08-cv-00860
Assigned To : Robertson, James
Assign. Date : 5/19/2008
Description: TRO/PI

## MOTION FOR TEMPORARY INJUNCTION

Comes now the movant Edgar Searcy pro se class member, and pursuant to Fed.R.Civ.P. 65 submits this motion for temporary injunction. And states:

### MEMORANDUM

1. The movant has attempted contact with the U.S. Attorneys Office via the assistance of the B.O.P. staff, and has mailed Notice and an attempt to negotiate a compromise with the U.S Attorneys office.

2. Pursuant to subsection (b), Rule 65, immediate and irrepairable loss and damage will be suffered by the movant and class. The issues of this cause concern monitary matters that will be lost and unrecoverable.

3. A temporary injunction is sought for the following matters involved in the original petition.

3. A temporary injunction is sought for the following matters involved in the initial petition:

a. Restrain the expenditures of funds and disbursement of funds from the inmate Trust fund, except for the amounts authorized by each inmate via written authorization, and any funds accumulated as profits from the Trust Fund Investments unless and until all class members authorize such disbursement.

b. Restrain the purchase of goods, equipment, and services for the Trust fund, until the Trust fund owners agree to expenditures.

c. Restrain the sale of goods sold by the Trust Fund, or utilization of any other services unless and until the Trust fund owners approve the contdract of the least expensive services and the least expensive markup of goods and services.

RECEIVED
APR — 2008
Clerk, U.S. District and
Bankruptcy Courts

D. Restrain the deductions of payments from the I.F.R.P. until the B.O.P. arranges for a fair and impartial method of impartially deducting payments that are uniformly deducted on an overall percentage to each inmate.

E. Restrin the government and trustees of the Inmate Trust Fund from removing deposits made by outside investors for any reason except for the specified purpose designed by the investors, including but not limited to phone use and stamp purchases.

F. Restrain the government and Trustees from prohibiting the owners of the Trust Phone System from freely using the phone service that is owned by the Trust fund.

G. Restrain all entities, including government entities, other than the trustees known as the Department of the Treasury to have access, control, and expending of Trust accounts deposited in the Department of the Treasury.

H. Restrain the B.O.P. form retaliating against Trust fund owners for their right to express speech by sharing PIN numbers of Trust fund phone accounts that contian trust fund phone minutes purchased by outside persons.

Wherefore the plaintiff prays this honora le court shall:

1. Grant all relief asked for in the above text.

RESPECTFULLY SUBMITTED,

EDGAR SEARCY PRO SE
Reg. # 04726-031
F.C.C. Medium
Petersburg VA 23804

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by U.S. mail to the U.S. Attorneys office, WASHINGTON DC 20001 THIS 19TH DAY OF APRIL 2008.