# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

EDGAR SEARCY                 )
              Plaintiff,       )
                        )
        v.               )      Civil Action No. 08-0860 (JR)
                        )      ECF
UNITED STATES OF AMERICA, et al.,  )
                        )
         Defendants.     )
_____)

## ANSWER

Defendants, United States of America, et. al.[1], by and through undersigned counsel,

hereby answers the Complaint filed in the above-styled action as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.  Fed. R. Civ. P.

12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

To the extent that the Plaintiff's Complaint alleges actions and issues not timely executed

through the Federal Bureau of Prisons ("BOP") administrative remedy scheme, these claims are

barred because the Plaintiff failed to appropriately exhaust administrative remedies.  Fed. R. Civ.

P. 12(b)(1), 12(b)(6).

---

[1] Although Plaintiff names the Secretary, U.S. Department of the Treasury, Untied States Attorney General, and Director, Federal Bureau of Prisons, as Defendants in the instant case, it appears that Plaintiff is only asserting claims against these Defendants in their official capacity.  Further, Defendant notes that it appears that none of the above Defendants were served in their individual capacity.  Therefore, undersigned counsel is not filing this Answer on behalf on any individual.  To the extent that Plaintiff is seeking to assert any individual capacity claims, nothing contained herein is intended or should be deemed as a waiver of any defenses available to the individually sued defendants, including immunity from suit and insufficiency of service of process.

### THIRD AFFIRMATIVE DEFENSE

The United States has not waived its sovereign immunity for constitutional claims.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff does not have standing to raise claim on behalf of third parties, family and friends of inmates. Article III of the Constitution.

Defendant reserves the right to assert additional defenses, affirmative or otherwise, upon further investigation and discovery into the matters alleged. Defendant asserts all applicable statutory limitations with respect to Plaintiff's damage claims.

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant further answers Plaintiff's Complaint by responding to the introductory paragraphs[2] of the Complaint by denying the allegations contained therein, except as expressly admitted, as follows:

### Claims against the United States

1. Paragraph one is Plaintiff Edgar Searcy's ("Plaintiff") statement regarding the nature of the Complaint, not an averment of fact for which an answer is required. To the extent that and answer is necessary, Defendant denies

---

[2] Complaint does not fully contain numbered paragraphs.

2

<u>Jurisdiction/Venue</u>

2.  Paragraph two is Plaintiff's statement regarding this Court's jurisdiction to hear his claim, not an averment of fact for which an answer is required.  To the extent that an answer is deemed necessary, Defendant denies.

3.  Paragraph three contains Plaintiff's legal conclusion that the United States and the Department of Treasury have a fiduciary duty under 31 U.S.C. § 1321, a conclusion of law to which no response is required.  To the extent a response is deemed necessary, Defendant denies.

<u>Origins of the Case</u>

4.  Paragraph four is Plaintiff's statement of the procedural history of an unrelated class action suit and a case he previously filed with the Eastern District of Kentucky containing the same allegations as the present case.  It is not an averment of fact for which an answer is required.  To the extent that an answer is deemed necessary, Defendant admits only to the extent the statements are supported by the court records referenced and denies the remainder of this paragraph.

<u>Class Action Status</u>

5.  Paragraph five contains Plaintiff's legal conclusions as to the certification of the class in an unrelated case to which no response is required.  To the extent a response is deemed necessary, Defendant admits only to the extent the statements are supported by the court records referenced and denies the remainder of this paragraph.

## Parties Having an Interest

6.  Defendant admits sentences one and two of paragraph six.  Sentence three of paragraph

six involves assertions regarding the propriety of individuals to be considered members

of a class, which are conclusions of law to which no response is required.  To the extent a

response is deemed necessary, Defendant denies.

7.  Paragraph seven contains Plaintiff's legal conclusions regarding the ownership of the

trust fund and the rights of family and friends of inmates to intervene in this case.  To the

extent a response is necessary, Defendant denies.

## Sovereign Immunities Waived

8.  Paragraph eight contains Plaintiff's legal conclusion concerning sovereign immunity, a

conclusion of law to which no response is required.  To the extent a response is deemed

necessary, Defendant denies.

## Background

9.  Paragraph nine contains Plaintiff's legal conclusions as to the proper custodian and

guardian of statutorily created trust funds, the proper owners of a trust fund, and the role

of and ownership rights of the Prisoner Trust Fund.  To the extent a response is deemed

necessary, Defendant denies.

10.  Paragraph ten contains Plaintiff's legal conclusions as to the proper custodian and

guardian of statutorily created trust funds, the proper owners of a trust fund, and the role

of and ownership rights of the Prisoner Trust Fund.  To the extent a response is deemed

necessary, Defendant denies.

11.  Paragraph 11 is Plaintiff's statement of the procedural history of an unrelated class action

case, not an averment of fact for which an answer is required.  To the extent that an

4

answer is deemed necessary, Defendant admits only to the extent the statements are supported by the court records referenced and denies the remainder of this paragraph.

<u>Numbered Paragraphs</u>

1. Paragraph one is Plaintiff's statement of the procedural history of an unrelated class action case and his interpretation of the court's findings, not an averment of fact for which an answer is required. To the extent and answer is deemed necessary, Defendant denies.

2. Paragraph two is Plaintiff's statement of the procedural history of an unrelated class action case and his interpretation of the court's findings, not an averment of fact for which an answer is required. To the extent and answer is deemed necessary, Defendant denies.

3. Paragraph three is Plaintiff's statement of the procedural history of an unrelated class action case and his interpretation of the court's findings, not an averment of fact for which an answer is required. To the extent and answer is deemed necessary, Defendant denies.

4. Paragraph four is Plaintiff's statement of the procedural history of an unrelated class action case and his interpretation of the court's findings, not an averment of fact for which an answer is required. To the extent and answer is deemed necessary, Defendant denies.

5. Sentence one of paragraph five is Plaintiff's statement of the procedural history of an unrelated class action case and his interpretation of the court's findings, not an averment

of fact for which an answer is required.  To the extent and answer is deemed necessary,

Defendant denies.  Defendant denies the remainder of paragraph five.

6.  Paragraph six is Plaintiff's statement of the procedural history of an unrelated class action

case and his interpretation of the court's findings, not an averment of fact for which an

answer is required.  To the extent and answer is deemed necessary, Defendant denies

7.  Defendant is without knowledge or information sufficient to admit or deny the allegations

in paragraph seven.

8.  Defendant is without knowledge or information sufficient to admit or deny the allegations

in paragraph eight.

9.  Defendant is without knowledge or information sufficient to admit or deny the allegations

in paragraph nine.

10. Defendant is without knowledge or information sufficient to admit or deny the allegations

in paragraph ten.


## Statement of the Issues

1.  Defendant denies the allegations in paragraph numbered I.

2.  Paragraph II is Plaintiff's prayer for relief to which no answer is required.  To the extent

that an answer may be deemed required, Defendant denies that Plaintiff is entitled to the

relief requested or to any relief whatsoever.

3.  Paragraph III is Plaintiff's prayer for relief to which no answer is required.  To the extent

that an answer may be deemed required, Defendant denies that Plaintiff is entitled to the

relief requested or to any relief whatsoever.

4.  Paragraph IV is Plaintiff's prayer for relief to which no answer is required.  To the extent that an answer may be deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

5.  Paragraph V is Plaintiff's prayer for relief to which no answer is required.  To the extent that an answer may be deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

6.  Paragraph VI is Plaintiff's prayer for relief to which no answer is required.  To the extent that an answer may be deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

7.  Paragraph VII is Plaintiff's prayer for relief to which no answer is required.  To the extent that an answer may be deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

8.  Paragraph VIII is Plaintiff's prayer for relief to which no answer is required.  To the extent that an answer may be deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

9.  Paragraph IX is Plaintiff's prayer for relief to which no answer is required.  To the extent that an answer may be deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

10. Defendant denies the allegations in paragraph numbered X.

<u>Statement of the Case</u>

Section I

1. Defendant denies the allegations in the first paragraph of section I.

2. Paragraph two of section I is Plaintiff's statements as to the role of the Secretary of the Treasury in regard to statutorily created trust funds, the proper owners of a trust fund, and the proprietary of individuals to be considered members of a class are conclusions of law and/or averments of fact to which no response is required. To the extent a response is deemed necessary, Defendant denies.

3. Paragraph three of section I is Plaintiff's prayer for relief to which no answer is required. To the extent that an answer may be deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

Section II

1. Paragraph one of section II is Plaintiff's statements as to the damages he experienced, and rights he possessed, which are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant denies.

2. Paragraph two of section II is Plaintiff's statements as to the damages he experienced, and rights he possessed, which are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant denies.

3. Defendant denies the first sentence of paragraph three of section II. The remainder of the paragraph is Plaintiff's prayer for relief to which no answer is required. To the extent that an answer may be deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

4.  Paragraph four of section II is Plaintiff's prayer for relief to which no answer is required.
    To the extent that an answer may be deemed required, Defendant denies that Plaintiff is
    entitled to the relief requested or to any relief whatsoever.

Section III

1.  Paragraph one of section III is Plaintiff's statement of the procedural history of an
    unrelated class action case, not an averment of fact for which an answer is required.  To
    the extent that an answer is deemed necessary, Defendant admits only to the extent the
    statements are supported by the court records referenced and denies the remainder.

2.  Paragraph two of section III is Plaintiff's prayer for relief to which no answer is required.
    To the extent that an answer may be deemed required, Defendant denies that Plaintiff is
    entitled to the relief requested or to any relief whatsoever.

3.   Paragraph three of section III is Plaintiff's prayer for relief to which no answer is
    required.  To the extent that an answer may be deemed required, Defendant denies that
    Plaintiff is entitled to the relief requested or to any relief whatsoever

Section IV

1.  Paragraph one of section IV is Plaintiff's statement of the procedural history of an
    unrelated class action case, not an averment of fact for which an answer is required.  To
    the extent that an answer is deemed necessary, Defendant admits only to the extent the
    statements are supported by the court records referenced and denies the remainder.

Section V

1.  The first and second sentences of paragraph one of section V are Plaintiff's statements as
    to statutory interpretation and conclusions of law to which no response is required.  To

9

the extent a response is deemed necessary, Defendant denies.  Defendant denies the

remainder of paragraph one of section V.

## Section VI

1. Defendant denies the first and second sentences of paragraph one of section VI.  The

   remainder is a conclusion of law and prayer for relief to which no answer is required.   To

   the extent that an answer may be deemed required, Defendant denies.

2. Paragraph two of section VI is a conclusion of law and prayer for relief to which no

   answer is required.   To the extent that an answer may be deemed required, Defendant

   denies.

3. Paragraph three of section VI is Plaintiff's prayer for relief to which no answer is

   required.  To the extent that an answer may be deemed required, Defendant denies that

   Plaintiff is entitled to the relief requested or to any relief whatsoever.

## Section VII

1. Paragraph one of section VII a conclusion of law and prayer for relief to which no answer

   is required.   To the extent that an answer may be deemed required, Defendant denies.

## Section IX

1. Paragraph one of section IX is a conclusion of law and/or averment of fact to which

   no answer is required.  To the extent that an answer may be deemed required,

   Defendant admits to the extent the statement is supported by the referenced regulation

   and denies the remainder.

2. Paragraph two of section IX is Plaintiff's prayer for relief to which no answer is required.

   To the extent that an answer may be deemed required, Defendant denies that Plaintiff is

   entitled to the relief requested or to any relief whatsoever.

<u>Conclusion</u>

1. Paragraph one contains Plaintiff's legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant denies.

2. Paragraph four contains Plaintiff's legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant denies.

3. Paragraph three contains Plaintiff's legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant denies.

4. Paragraph four contains Plaintiff's legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant denies.

5. Paragraph five contains Plaintiff's legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant denies.

The remainder of Plaintiff's Complaint is Plaintiff's prayer for relief to which no answer is required. To the extent that an answer may be deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

WHEREFORE, Defendant requests the Court enter judgment in its favor and against Plaintiff, that the Complaint be dismissed in its entirety with prejudice, that Defendant recover costs in this action, and for such other relief as may be appropriate.

Dated: August 18, 2008

                                                     Respectfully submitted,

_/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


_/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney



_/s/_____
MEGAN M. WEIS
Special Assistant U.S. Attorney
United States Attorney's Office
Civil Division
555 4th Street, NW
Washington, D.C. 20530

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 18th day of August 2008 a true and correct copy of the

above Answer was sent via first class U.S. Mail, postage pre-paid to:


**EDGAR SEARCY, <u>pro se</u>**
R04726-031
PETERSBURG MEDIUM
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 90043
PETERSBURG, VA 23804




__/s/_____
MEGAN M. WEIS
Special Assistant United States Attorney
Civil Division
555 Fourth Street, NW
Washington, D.C.  20530