IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

EDGAR SEARCY. CLASS MEMBER

V

CASE NO. 08-0860-JR

UNITED STATES et al..

RECEIVED

AUG 2 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PLAINTIFF'S REPLY TO THE DEFENDANTS ANSWER

Comes now the plaintiff Edgar Searcy. class member. pro se. with this reply to the defendants answer. And states:

On August 18. 2008 the defendants filed an answer to the complaint filed in the above styled aciton. the defendants stated four affirmative defenses. This pleading was received by the plaintiff on August 22. 2008.

## MEMORANDUM

### ENVOKING JUDICIAL NOTICE AND OPPORTUNITY TO BE HEARD

In accordance with Fed.R.Evid. 201 the plaintiff envokes Judicial notice of all facts. laws. and policies envoked by the plaintiff. including the Res Judicata Rule. Under the provisions of § 201 the plaintiff is entitled to opportunity to be heard.

### REPLY

I.  In reply to the defendants "First Affirmative Defense". the plaintiff draws judicial notice to the Plaintiff's Motion to Re open the class action in the Eastern District of Kentucky case no. 07-cv-303.. (See initial petition for more details). The Kentucky court adjudged that the original Kentucky case was closed and that the court would have transfered the case to the District of Columbia if the plaintiff would have filed a motion to proceed in forma pauperis. Because the Kentucky court. (as adopted by the 6th Circuit) accepted and adjudged the

case in regards to the Trust Fund and rights of the Class. and in particular. the second opinionby the 6th Circuit expressly outlined Due Process of Trust Funds in this situation. the respondants first defense is moot.  The Res Judicata doctrine places a procedural default on the respondants attempt to challenge the jurisdiction after some respondants. including the U.S. Attorney General, had signed an agreement in regards to these issues. acknowledging jurisdiction of District courts to hear matters in the continuing debate regarding the handling of protection of the Trust Fund assets and property.  The "Case or Controversy" issue is settled and not re debatable.  The same "Facts and parties". including those in previty. are involved and was attempted to be deliberated by re opening the original case.

II.  In reply to the respondants "Second Affirmative Defense". the plaintiff is prepared to demonstrate that the B.O.P. administrative remedies were in deed exhausted as to matters argued in this case.  In addition. the plaintiff is prepared to demonstrate that the B.O.P. has stated in writting in regards to other issues submitted by the plaintiff. that the issues are rejected and will not be processed through the administrative remedies due to the inappropriateness of such matters under that remedy.  These matters are violations of Employee Ethical Conduct. 5 CFR 2635. which provides a distinctly seperate avenue to challenge their violations.  Other means. is thru the Comptroller General of the Department of Treasury. (See 28 CFR 2635.702-705 and 48 Op Comp Gen 249).  These are the authorities that handle the complaints that are at issue here.  Not the B.O.P.  The Second Defense of the respondants is moot.

III.  In reply to the Respondants third affirmantive defense. as stated in U.S. V Mitchel. 463 US 206. 218. 77 L.Ed2d 580. "The Tucker Act itself provides the necessary consent.  ....The existence of a waiver of sovereign immunity is clear". (Accord Short V U.S.. 719 F2d 1133. 1134 (Fed. Cir. 1983). "In Mitchel those plaintiffs claimed breach by fiduciary duties in the management and sale . . ."

Under Res Judicata Rules, sovereign immunities are waived in relationship to Fiduciary relationships, expressly where the 6th Circuit has already settled the Fiduciary relationship in the second case, and discussed 31 USC 1321 in detail. (See Washinton V Reno, U.S. Eastern District of Kentucky).   The respondants third defense is moot.

IV.  In reply to the respondants Fourth and final defense, speaking for third parties rights is well settled and common procedure.  In this particular instance, third parties place monies into the Trust Accounts for an express purpose; creating an express and implied contract between the two parties.  Enforcing a contract and declaring rights of implied contracts are a substantive right that is cogdnizable in 28 USC 2201 and 2202, and is appropriate under the other authorities raised under 28 USC 1331 and 1332.  The plaintiff and class are substantive parties to the contract and have a right to bring the contract into focus through these proc-eedings.  The Bureau of Prisons had been challenged in the past, in regards to the matters of this case, and under the Res Judicata doctrine, were settled thru promises to the court.  Thus, are again enforceable in relation to the contract. The respondants fourth defense is moot.

i.  A fiduciary relationship and general Trustee obligations are described in Mitchel. Id at 463 US 225-226:

"Undisputed existence of a general trust relationship between the U.S. and . . . Because the statutes and regulations at issue in this case clearly establish fiduciary obligations of the government in the management and operation . . ."

Also see "Fiduciary Relationship", a subtitle of "relationship" in "Blacks" dictionary, describing:

"a relationship in which one person is under a duty to act for the benifit of another on matters within the scope of the relationship. [] such as trustee-benificiary . . . fiduciary relationships arise [] (23 when one person assumes control and responsibility over another; (3) when one person has a duty to act."

A fiduciary relationship is established between the U.S.: the U.S. Treasury; and the members of the class established by law in 31 USC 1321.  The department

Treasury expressed it's domain over the Fiduciary relationship when it issued the directives in 48 Op Comp Gen 249. in regards to the class of Trust members related to this cause.

The plaintiff reserves the right to address these matters furthure in regards to opportunity to be heard. along with any other matters of cognizance.

Respectfully submitted.

Edgar Searcy pro se
R04726-031
F.C.C. medium
P.O. BOX 90043
Petersburg VA   23804

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was handed to prison officials for posting by U.S. mail to Megan Weis. A.U.S.A. 555 Fourth St. N.W.. Wahsington DC  20530 this 25 day of AUGUST   2008.

Edgar Searcy pro se